**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory B. Maxon et al., | No. CV-25-00004-PHX-SPL |
| Appellants, | |
| vs. | **ORDER** |
| Richard Arrowsmith, | |
| Appellee. | |

Before the Court is Appellee Richard Arrowsmith's Motion to Dismiss.[1] (Doc. 5). Appellee moves to dismiss Appellants Gregory B. Maxon and Linda E. Maxon's appeal as untimely. (*Id.* at 1). For the following reasons, the Motion is granted.

Under Federal Rule of Bankruptcy Procedure 8002(a)(1) ("Rule 8002"), "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). "If a party fails to timely file a notice of appeal, the appellate court is deprived of jurisdiction to review the bankruptcy court's order." *In re BP Fisher L. Grp., LLP*, No. SACV 24-0860-KK, 2024 WL 4800079, at *1 (C.D. Cal. Sept. 6, 2024) (citing *In re Mouradick*, 13 F.3d 326, 327 (9th Cir. 1994)). The Rule further provides that an order is "entered" when it is filed on the

---

[1] Appellants failed to file a timely Response to the Motion. The Court may construe this lack of response as Appellants' consent to granting the Motion. *See* LRCiv. 7.2(i) ("[I]f the unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.").

docket. Fed. R. Bankr. P. 8002(a)(5)(A). Additionally, it provides guidelines for a party to extend the time to appeal by filing a motion with the bankruptcy court within 14 days or 21 days where excusable neglect is shown. Fed. R. Bankr. P. 8002(d). "Once time has expired to request an extension, however, the order may no longer be appealed even upon showing of excusable neglect." *In re Nazemi*, No. 20-CV-00094-BAS-WVG, 2020 WL 2037112, at *1 (S.D. Cal. Apr. 28, 2020) (citation omitted).

On November 22, 2024, the U.S. Bankruptcy Court for the District of Arizona entered an order denying Appellants Gregory B. Maxon and Linda E. Maxon's Motion to Disqualify Trustee's Attorney. (Doc. 1 at 8–9). Thus, the deadline for an appeal was December 6, 2024. Appellants did not file their Notice of Appeal until December 30, 2024. (Doc. 1 at 5). Although Appellants' Notice of Appeal reveals that the Date of Service of the November 22, 2024 Order was December 17, 2024, Rule 8002 is clear that the 14-day deadline is triggered when the order being appealed is entered on the docket, not from service of the order. (*Id.* at 6); Fed. R. Bankr. P. 8002(a)(1), (5)(A); *In re Weston*, 953 F.2d 1390 (9th Cir. 1992) (date of service does not extend time for filing appeal pursuant to Rule 9006(f)).

Thus, Appellants' appeal was untimely, and they did not file a motion for an extension regarding the time to appeal. (Doc. 5 at 3). Moreover, more than 21 days have passed since the initial appeal deadline expired, and Appellants have missed the deadline to file a motion for extension with the bankruptcy court. As such, this Court lacks jurisdiction over the appeal, and the action must be dismissed. Accordingly,

**IT IS ORDERED** that Appellee Richard Arrowsmith's Motion to Dismiss (Doc. 5) is **granted**.

///

///

**IT IS FURTHER ORDERED** that this case is dismissed, and the Clerk of Court shall **terminate** this action.

Dated this 7th day of February, 2025.

Honorable Steven P. Logan
United States District Judge